# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ACCESS FOR THE DISABLED, INC.;
PATRICIA KENNEDY; and SHEILA
TRITT,

                    Plaintiffs,

-vs-                                                    Case No.  6:06-cv-857-Orl-22UAM

STF INVESTMENTS, LLC,

                    Defendant.

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' VERIFIED APPLICATION FOR ATTORNEYS' AND EXPERT'S FEES, LITIGATION EXPENSES AND COSTS (Doc. No. 58)** |
| **FILED:** | **March 7, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    PROCEDURAL HISTORY

On June 23, 2006, Plaintiffs Access for the Disabled, Inc. ("Access"), Patricia Kennedy, and Sheila Tritt filed a complaint seeking injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 1281 ("ADA"). Doc. Nos. 1, 25. Plaintiffs requested removal of the allegedly illegal barriers to access at a hotel owned by Defendant STF Investments, LLC ["STF"]. Plaintiffs Kennedy and Tritt are members of and "testers" for Plaintiff Access, a non-profit

organization whose purpose is to ensure that places of public accommodation are accessible to disabled people.

On July 18, 2006, the district court entered an ADA scheduling order which ordered the parties to mediate and stayed discovery pending mediation. Doc. No. 12 at 2. The scheduling order also provided:

> If the parties reach a settlement, the settlement agreement should contain, if possible, an agreement concerning costs and attorney's fees. If the parties are unable to agree, the Court will reserve jurisdiction to determine that issue. If the parties wish the Court to enter a consent judgment, be advised that the Court will not approve or reserve jurisdiction to enforce a confidential settlement agreement.

*Id.*

Defendant STF subsequently moved to dismiss the case on the grounds that the individual Plaintiffs lacked standing because they did not suffer any concrete injury and would not likely suffer any future injury and that Access did not have associational injury. Doc. No. 30. The district court denied the motion to dismiss, explaining that "[t]he issue of standing should be addressed by motion for summary judgment after sufficient discovery on the topic." Doc. No. 45.

Prior to attending Court-ordered mediation, the parties reached a settlement as to non-monetary issues, but did not resolve the issue of attorney's fees and costs. Doc. Nos. 55, 56. The parties submitted the fees and costs issue to the Court for resolution pursuant to the scheduling order. Doc. No. 56. On February 21, 2007, the district court reserved jurisdiction to address the issue of attorneys' fees and costs; dismissed the case without prejudice "to the right of any party to submit a stipulated form of final order or judgment within 30 days of the Court's order on attorneys' fees and costs"; and directed the Clerk to close the file. Doc. No. 57.

Plaintiffs filed their motion for attorneys' fees, expert's fees. and litigation expenses and costs on March 7, 2007.  Doc. No. 58.  Plaintiffs request: (1) $8,800 in attorney's fees for 35.2 hours expended by Plaintiffs' counsel, Todd Shelby, at an hourly rate of $250; (2) $6,244.17 in "expert's fees" for 33.21 hours expended by Plaintiffs' expert, Thomas Ricci of Accessibility Disability Consultants, Inc., at an hourly rate of $185; and (3) $463.64 in "litigation expenses and costs" for copying expenses, postage, the filing fee, and fees for the service of summonses.

STF asks the Court to deny the motion in its entirety on the grounds that Plaintiffs lack standing or that Plaintiffs are not "prevailing part[ies]" who may receive fees and costs under the ADA.  Doc. No. 61.  STF asks, in the alternative, that the Court award no more than $3,589.64 total in fees and costs.  Plaintiffs did not address the issue of its entitlement to fee and costs in its original motion for fees.  Instead, Plaintiffs filed an untimely reply memorandum, which the district court then ordered stricken for failure to comply with a prior Court order.  *See* Doc. Nos. 64, 67.

## II.   ANALYSIS

STF is correct that the motion should be denied in its entirety on the ground that Plaintiffs are not "prevailing part[ies]" entitled to fees and costs under the ADA.[1]  Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party. other than the United States. a reasonable attorney's fee, including litigation expenses, and costs . . ."  42 U.S.C. § 12205.

In *Buckhannon Bd. and Care Home v. W. Va. Dept. of Health and Human Res.*, 523 U.S. 598 (2001), the United States Supreme Court held that, under § 12205, a "prevailing party" must have

---

[1] The district court has already determined that the issue of standing should be addressed after discovery and on a motion for summary judgment. Doc. No. 45. The parties did not conduct any discovery in this case, and settled before any party filed a motion for summary judgment.

obtained a "court-ordered change in the legal relationship between the plaintiff and the defendant." *Id.* at 604 (citation and quotation omitted). The Supreme Court specified that a judgment on the merits or a court-ordered consent decree create just such "a material alteration of the legal relationship of the parties," but noted that "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees" for the purposes of qualifying as a "prevailing party." *Id.* at 604. The Supreme Court thereby rejected the "catalyst theory," which had previously allowed to a plaintiff "prevailing party" status on the basis that the lawsuit brought about the desired results by instigating voluntary change in the defendant's conduct. *Id.* at 605. "A defendant's voluntary change in conduct," the Supreme Court remarked, "lacks the necessary judicial *imprimatur* on the change." *Id.* at 604.

In the absence of a formal consent decree, a district court may still award attorney's fees to the "prevailing party" where it has accomplished the "functional equivalent" of the entry of a consent decree either (1) by incorporating the terms of the settlement into the final order of dismissal or (2) by explicitly retaining jurisdiction to enforce the terms of the settlement. *Am. Disability Ass'n v. Chmielarz,* 289 F.3d 1315, 1320 (11th Cir.2002); *see also Smallbein v. City of Daytona Beach,* 353 F.3d 901, 905-07 (11th Cir. 2003) (deeming plaintiffs prevailing parties under an analogous fee-shifting provision, 42 U.S.C. § 1988(b), where plaintiffs settled their claims pursuant to an agreement that the district court then incorporated into its order of dismissal and over which it retained jurisdiction for the enforcement of its terms). The district court thus "clearly establishes 'judicially sanctioned change in the legal relationship of the parties,' as required by *Buckhannon,* because the plaintiff thereafter may return to court to have the settlement enforced." *Chmielarz,* 289 F.3d at 1320.

-4-

In this case, the parties settled the case as to non-monetary issues only and asked the district court to retain jurisdiction to decide the fees and costs issue. The parties clearly did not have an agreement regarding entitlement to fees and costs. The district court has not retained jurisdiction to enforce the terms of the settlement agreement; incorporated by reference any terms of the settlement agreement into its order of dismissal; or entered any order that was functionally equivalent to a consent decree.[2] The district court therefore never judicially altered the legal relationship of the parties within the meaning of *Buckhannon*, *Chmielarz*, and *Smallbein*, and Plaintiffs have not demonstrated that they are "prevailing part[ies]" entitled to fees pursuant to § 12205.

Accordingly, for the reasons stated above, the Court recommends that Plaintiffs' Verified Application for Attorneys and Expert's Fees, Litigation Expenses and Costs (Doc. No. 58) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 18, 2007.

DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court also notes that "federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal." *Buckhannon*, 532 U.S. at 604 n.7 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.375 (1994)).

Copies furnished to:

The Honorable Anne C. Conway

Counsel of Record